UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

JEREMY MICHAEL TUDELA, ABBEY TUDELA, AND
JEREMY MICHAEL TUDELA ON BEHALF
OF HIS THREE MINOR CHILDREN,
M.T., L.T. AND C.T.,

      Plaintiffs,

v.                                    CAUSE NO. 3:23-CV-00233-MPB-CSW

WHITNEY SAINT TUDELA, MICHELLE NEFF,
WARD NEFF AND JASON KING IN HIS INDIVIDUAL
CAPACITY AND IN HIS OFFICIAL COMPACITY AS A THERAPIST FOR
PLAYFUL HEALING AND COUNSELING

      Defendants.

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiffs, Jeremy Michael Tudela ("Tudela"), his wife Abbey Tudela ("Abbey"), and Jeremy Tudela's three minor children M.T., L.T. and C.T., bring this action against the Defendants, Whitney Saint Tudela ("Saint"), Michelle Neff and Ward Neff and Jason King ("King") in his official capacity as a Therapist for Playful Healing and Counseling alleging violations of Indiana State law, defamation, and false reporting.

## PARTIES

2. Tudela is a United States Citizen and Resident of the State of Indiana, Vanderburgh County and is the Father of the three minor children, M.T., L.T. and C.T., who also reside in Vanderburgh County.

3. Abbey Tudela is Jeremy Tudela's spouse and is a resident of Vanderburgh County.

4. Whitney Saint Tudela is an individual who resides within Vanderburgh County.

5. Michelle Neff is an individual who resides within Vanderburgh County.

6. Ward Neff is an individual who resided within Vanderburgh County.

7. Jason King is an individual who resides in Vanderburgh County and is employed by Playful Healing and Counseling.

## JURISDICTION AND VENUE

8. The Plaintiffs' claims against all the Defendant's arise from the same common nucleus of operative facts and form a single case and controversy.

9. All events alleged in the Complaint occurred within Vanderburgh County, Indiana.

10. Pursuant to Indiana Trial Rule 75, Vanderburgh County is proper venue.

## FACTUAL ALLEGATIONS

11. Tudela and his former wife, Saint, have three (3) minor children: M.T., age 5, L.T., age 8, and C.T., age 9.

12. Tudela and Saint agreed in their Mediated Decree of Dissolution that the parties would have modified joint legal custody with Saint having primary physical custody and with Tudela's parenting time being phased in.

13. Tudela agreed to undergo psychological testing to prove that he was not a risk of danger to the children. He completed this testing, and it was satisfactory.

14. Tudela had approximately sixteen (16) parenting time sessions at the Parenting Time Center and all the parenting time reports were highly favorable. Tudela's supervised parenting time was then expanded and ultimately ordered supervised by Mike Jones ("Jones").

15. Jones supervised four (4) visits and all of Jones' reports were highly favorable for Tudela.

16. Saint and the parties' three minor children resided with Saints Mother, Michelle and stepfather, Ward Neff during all relevant times herein.

17. Saint, Michelle Neff and Ward Neff made and conspired to be made various false and defamatory statements against Tudela in an attempt to prevent him from having parenting time with his children.

18. Both Saint and Michelle Neff reported or caused to be falsely reported to the Indiana Department of Child Services that Tudela might cause harm to the parties' three (3) minor children, falsely reporting that he desired too much physical affection from his children, and falsely reported that one of the children had accidentally touched Tudela's groin and that it was of a sexual nature.

19. The children's therapist, Jason King of Playful Healing and Counseling, was concerned that one of the children might have a urinary tract infection and reported this to the maternal grandmother, Michelle Neff, who transported the child to therapy.

20. Michelle Neff had various conversations with Jason King making false allegations of a sexual nature against Tudela and Jason King filed false reports with the Indiana Department of Child Services ("DCS") which were immediately screened out.

21. Saint, Michelle Neff, and Ward Neff falsely accused Tudela of going behind an inflatable with one or more of his minor children and expressed concerns that he might be engaging in inappropriate sexual behavior. The three of them conspired to make a false report against Mr. Tudela, and Saint made said false reports which was immediately screened out by DCS.

22. Saint filed a Petition to Modify Parenting Time in the Vanderburgh Superior Court under cause number: 82D01-2104-JP-000420 to further restrict Tudela's supervised parenting time alleging that "the Mother has begun noticing suspicious activities by the Father with the parties' middle child, " makes the Mother uncomfortable." In said petition, Saint makes specific false allegations with sexual innuendos against Tudela.

23. Saint complained that Tudela was too affectionate and "too handsy" with one or more of the parties' minor children.

24. Saint falsely reported that the Tudela had repeatedly raped a fifteen (15) year old girl and that he had begun "grooming" one or more of the parties' children.

25. Saint falsely claimed that one of the children expressed to her that Tudela touched them inappropriately. The allegation was that it occurred during the children's last visit with their father at Bob Walther's Golf and Fun. Allegedly the incident occurred right in front of the Parenting Time Supervisor, Mike Jones. The allegation was that at some point, Tudela's hand came into contact with the child's rear on the outside of the clothing while sitting on his lap having pizza.

26. Saint took further steps by filing a criminal complaint against Tudela and having a forensic interview conducted of the parties' minor children at Holly's House.

27. Saint repeatedly contacted law enforcement falsely claiming that Tudela had acted in a sexually inappropriate manner with his minor child L.T.

28. Plaintiff Tudela remarried on November 12, 2021 to Abbey.

29. As a result of false allegation made by each of the Defendant's, the Plaintiff, Jeremy Tudela was arrested for child molesting, a level 4 felony on December 1, 2021.

-4-

30. On April 1, 2022, the jury returned a verdict of Not Guilty in the criminal matter against Tudela in less than 15 minutes of deliberation.

31. Prior to closing arguments, the Jury submitted a written question to the Court that read in part; "Did the Prosecutor's Office have to take this case?"

32. As a result of the false allegations made against Tudela, he spent 126 days in the Vanderburgh County Jail.

33. Abbey Tudela lost the love, affection, support and consortium of her Husband during said time.

34. Since the not guilty verdict and two State Court making findings that Tudela did not molest L.T., Saint continues to habitually claim that Tudela has to numerous individuals, including by not limited to other parents of the children's school, Saint's friends, school officials, healthcare providers and even the children's hairdresser.

35. M.T., L.T. and C.T were deprived of any contact with their ather Tudela for approximately one and a half years (1 ½) due to the numerous false allegations by Saint and the Neff's.

36. In April of 2022, Michelle Neff falsely posted on social media that Tudela had a previous conviction for the same offense (child molestation) and falsely claimed that he was a habitual offender.

37. On or about July 23, 2023, Michelle Neff was at a luncheon at Ruling Hills Country Club in Warrick County, Indiana and repeatedly and falsely stated to a group of ladies that "Tudela is a rapist".

38. Ward Neff conspired with Whitney Tudela and Michelle Neff to create false allegations to the Department of Child Services and Law Enforcement against Tudela and throughout the criminal proceedings encouraged prosecution of Tudela.

39. Moreover, it was disclosed by Saint that Ward Neff was desirous of attempting to adopt Tudela's three minor children.

40. In a stunning email from Saint's attorney to attorney Danks, it was stated that Ward Neff was willing to adopt Tudela's (3) three minor children if Tudela would agree not to file a tort claim against Ward Neff. Moreover, the email stated that Saint would continue to make these false allegations on the True Crime Podcast if Tudela pursued this cause of action.

41. Had Tudela been convicted, he would have received a lengthy prison sentence making it highly likely that Ward Neff would be able to adopt Tudela's three minor children.

42. According to EPD Detective Rob Waller, he spoke to the children's therapist, King, with Playful Healing and Counseling for approximately 45 minutes to an hour. At least partially due to the false information provided by Jason King, Detective Waller by Jason King decided to arrest Tudela with child molestation.

43. Contrary to the false information provided to Detective Waller, Jason King testified in his deposition on March 16, 2022, that he had no reason to believe that Jeremy Tudela was anything other than a "good and loving father".

44. Jason King of Playful Healing and Counseling wrongfully filed false DCS reports against Tudela.

45. Jason King incorrectly reported that the child, L.T. who at that time was five (5) years of age and was not capable of being coached.

46. In July 2023, the children admitted to their therapist, Tara Norman and case manager Jared Kelly that in fact they had been coached to make false allegations against Tudela by both Saint and Michelle Neff.

47. Jason King of Playful Healing and Counseling falsely reported to DCS that he had started seeing "red flags".

48. At no time did Jason King of Playful Healing and Counseling ever attempt to contact Tudela to inquire about any of his concerns.

49. Jason King of Playful Healing and Counseling testified when asked "has [L.T.] reported she was touched in anyway she did not like?" that "Yes, by her father" falsely implying that Tudela had molested his daughter.

50. Jason King of Playful Healing and Counseling made repeated efforts to prevent Tudela from obtaining therapy records to prove his innocence even though Tudela had joint legal custody of his children and was fully entitled to said records pursuant to Indiana law.

51. In cause number 82D01-2002-DC-000186 the Judge ordered the children to be placed solely with Tudela with supervised parenting time only with Saint due to "the Mother or Mother's family has engaged in alienating behaviors over the period of the length of this case". The "Mother's family" is Michelle and Ward Neff.

52. Tudela, his Wife and Tudela's three (3) minor children have been devastated and severely harmed by the actions of the Defendants.

53. As a result of the Defendants' actions Abbey Tudela suffered severe mental and emotional distress and the love and affection and support of Tudela.

54. M.T., L.T. and C.T. suffered severe mental and emotional distress as a result of Tudela's incarceration, their separation from their Father, and the loss of his love and affection and support.

## COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Tudela hereby incorporates paragraphs one (1) through fifty-four (54) of his Complaint.

56. The actions taken by the Defendants, Whitney Saint, Ward Neff and Michelle Neff were done with malicious intent to cause severe mental and emotional distress to Tudela, his Wife Abbey and Tudela's three (3) minor children M.T., L.T. and C.T.

57. As a result of the actions taken by the Defendants, Whtiney Saint, Ward Neff and Michelle Neff, Tudela, his Wife Abbey and Tudela's three (3) minor children M.T., L.T. and C.T have suffered and continue to suffer severe mental anguish and emotional distress.

## COUNT II - DEFAMATION

58. The Plaintiffs incorporate the Factual Allegations set forth in paragraphs one (1) through fifty-seven (57) of his complaint.

59. All Defendants made or caused to be made false and defamatory statements about Tudela, causing him to be wrongfully incarcerated, causing him to be separated from his Wife and minor children and causing his reputation to be tarnished throughout the community.

60. Tudela has suffered damages as a result of the Defendants' defamatory actions.

## COUNT III – FALSE REPORTING

61. Due to the Defendants making or causing to be made or conspiring to be made false reports and statements to the law enforcement in violation of IC 35-44.1-2-3 (d), Tudela was wrongfully, attested, charged and incarcerated for child molesting.

-8-

## COUNT IV- FILING FALSE REPORTS WITH THE INDIANA DEPARTMENT OF CHILD SERVICES

62. The Defendants or caused to be made made or conspired to be made various false reports to the Indiana Department of Child Services in violation of IC.C.31-33-32-3 (b).

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, Jeremy Michael Tudela, his Wife Abbey Tudela and Jeremy Michael Tudela's three (3) minor children M.T., L.T. and C.T, by counsel, respectfully requests that this Court find for the Plaintiff's and order that the Defendants:

63. Pay to Plaintiffs compensatory, exemplary and punitive damages;

64. Award actual damages to Plaintiff Tudela to adequately compensate his for his injuries – including but not limited to his attorney fees for defending against the criminal charges that were a result of the Defendants actions and for loss of job income while incarcerated;

65. Award each of the Plaintiffs damages for severe mental and emotional distress as well as loss of love and affection and support;

66. To declare the conduct and practices of the Defendants unlawful and to enjoin them from similar conduct;

67. Pay to Plaintiffs consequential damages;

68. Pay to Plaintiffs pre- and post-judgment interest;

69. Pay to Plaintiffs costs and attorney fees incurred in litigating this action; and,

70. Pay to Plaintiffs any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully submitted,

*(signature)*

Scott A. Danks
Attorney No. 14534-82
Danks and Danks, LLC
1 SE 9th Street, Suite 101
Evansville, Indiana, 47708
(812) 426-1000 (Office)
(812) 426-0751 (Fax)
scott@danks-danks.com

## DEMAND FOR JURY TRIAL

The Plaintiff's, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

*(signature)*

Scott A. Danks
Attorney No. 14534-82
Danks and Danks, LLC
1 SE 9th Street, Suite 101
Evansville, Indiana, 47708
(812) 426-1000 (Office)
(812) 426-0751 (Fax)
scott@danks-danks.com

## CERTIFICATION OF TRIAL RULE 5 (G) COMPLIANCE

I hereby certify that the foregoing or attached Court Record or document complies with the requirements of Trial Rule 5 (G) with regard to information excluded from the public record under the Indiana Rules on Access to Court Records.

*(signature)*

Scott A. Danks
Attorney No. 14534-82
Danks and Danks, LLC
1 SE 9th Street, Suite 101
Evansville, Indiana, 47708
(812) 426-1000 (Office)
(812) 426-0751 (Fax)
scott@danks-danks.com