UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JEREMY MICHAEL TUDELA, ) <br> ABBEY TUDELA, ) <br> JEREMY MICHAEL TUDELA on behalf of his ) <br> three minor children, M.T., L.T. and C.T., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WHITNEY SAINT TUDELA, ) <br> MICHELLE NEFF, ) <br> WARD NEFF, ) <br> JESSICA FAIRCHILD, ) <br> ) <br> Defendants. ) | No. 3:23-cv-00233-MPB-CSW |

**ORDER**

On March 12, 2025, this Court granted in part and denied in part Defendants Whitney Saint Tudela,[1] Michelle Neff, and Ward Neff (collectively, "Neff Defendants") Motion for Sanctions (Docket No. 135) and Defendant Jessica Fairchild's Motion for Sanctions (Docket No. 143). The Court held that Scott Danks, counsel for Plaintiffs Jeremy Tudela and Abbey Tudela, was alone responsible for the attorney's fees awarded to Defendants. (*See* Docket No. 162 at ECF pp. 20, 22). Defendants were directed to submit an itemized statement of attorneys' fees pursuant to the Court's Order. (Docket No. 162 at ECF p. 24). Now before the Court are Defendants' itemized statements, (Dockets No. 163-1; 164-1), and Danks' Response, (Docket No. 165).

---

[1] Though the caption identifies Jeremy Tudela's ex-wife as "Whitney Saint Tudela," the Complaint refers to her almost exclusively as "Saint." (Docket No. 1-2). To avoid any confusion with Mr. Tudela's current wife, Abbey, the Court refers to Whitney as "Whitney Saint" or "Ms. Saint."

I. **Defendant Fairchild**

The Court begins with Defendant Fairchild. The Court granted her Motion for Sanctions (Docket No. 143) in part and ordered Danks to pay the attorneys' fees incurred in the drafting of the May 17, June 5, July 11, July 31, and August 9 letters; A Schmitt's attendance and preparation for the two (2) meet and confer meetings with Danks; and the legal research and drafting performed in filing the sanctions motion and reply brief. Defendant Fairchild contends that Danks owes $18,232.50 in attorney's fees. (Docket No. 163-1 at ECF pp. 1–2). In response, Danks submitted the affidavit of Mark Miller, an attorney licensed to practice in the State of Indiana. (Docket No. 165-1 at ECF p. 1).

As an initial matter, Miller agrees that Alex Schmitt's ("A. Schmitt") hourly rate of $325 is reasonable "in light of his skill and experience." (Dockets No. 165-1 at ECF p. 3; 163-1 at ECF pp. 1–2). Miller also agrees that the entries for the May 17, June 5, and August 9 letters drafted by A. Schmitt are reasonable and demonstrate the appropriate time necessary for drafting such a communication. Because those fees are reasonable in light of this proffered evidence, the Court awards Defendant Fairchild $552.50 in attorney's fees for those services.

As to the July 11 and July 31 letters, Miller contends that while four-and-a-half hours may be reasonable in total for the two letters, one hour of attorney time should have been billed and three-and-a-half hours of paralegal time should have been billed. While Miller's firm may split billing in that manner, it does not appear that A. Schmitt had legal staff assisting him in this matter. The Court reaffirms that A. Schmitt's hourly rate is reasonable and finds that the hours expended on the July letters are also reasonable. Defendant Fairchild is entitled to $1,462.50 in attorney's fees for the July 11 and July 31 letters.

Miller agrees that the time entries to prepare and attend the meet and confer on August 15 and August 19 are reasonable. (Docket No. 165-1 at ECF p. 4). Defendant Fairchild is entitled to $975.00 in attorney's fees expended for those services.

The bulk of the party's disagreement centers on the reasonableness of A. Schmitt's fees associated with drafting the sanctions motions. The time entries related to the sanctions motion total 39.3 hours and $12,772.50 in fees. (*See* Docket No. 163-1 at ECF pp. 1–2). To begin, Danks argues that Defendant Fairchild is not entitled to the fees expended in redacting evidence, filing the Motion to Seal, (Docket No. 147), and drafting a sanctions withdraw letter to Danks. In its Order, the Court granted Defendant Fairchild's Motion for Sanctions (Docket No. 143) as to the "*legal research and drafting* performed in filing th[e] sanctions motion . . . and reply brief." (Docket No. 162 at ECF p. 23) (emphases added). While A. Schmitt may consider foregoing services as part of his drafting process for the sanctions motion, such a broad characterization would result in excessive fees—an additional $3,315.00 to be exact. Additionally, while the fees associated with redacting evidence may have been tangential to drafting the sanctions motion, filing the Motion to Seal and drafting the sanctions withdraw letter are services distinctly separate from the "legal research and drafting performed in filing th[e] sanctions motion[.]" (Docket No. 162 at ECF p. 23). Thus, Fairchild is not entitled to fees for redacting evidence, filing the Motion to Seal, or drafting the sanctions withdraw letter.

The Court turns to the reasonableness of the hours A. Schmitt spent drafting the sanctions motion. The party requesting the fee award bears the burden of proving the reasonableness of the fee. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted). In the Seventh Circuit, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (citations

omitted). The invoice submitted by A. Schmitt reveals that Defendant Fairchild has paid *none* of the $18,232.50 in attorney's fees. (*See* Docket No. 163-1 at ECF p. 2); *contra Crissen v. Gupta*, No. 2:12-cv-355, 2014 WL 4449928, at *6 (S.D. Ind. Sept. 10, 2014) (granting attorney's fees in connection with a sanctions motion and noting that the defendant-clients had paid in full).

Another relevant factor in determining the reasonableness of attorney's fees is whether the fees requested are redundant. *Annie Oakley Enters., Inc. v. Amazon.com, Inc*., No. 1:19-cv-1732, 2022 WL 456660, at *8 (S.D. Ind. Feb. 15, 2022). Relevant to the redundancy of the fees requested, Miller attested:

> The motion for sanctions is derivative of the time already spent notifying the other side of the discovery defects. It is also derivat[ive] of the time spent in meeting and conferring with counsel. While each motion is unique, the time billed in this case is excessive. Based on my experience, a reasonable charge for the work would be $5000.

(Docket No. 165-1 at ECF p. 4). Miller is correct that there may be some overlap in the requested fees, as A. Schmitt had already identified and informed opposing counsel of the discovery defects by the time he drafted the sanctions motion. That said, the more critical issue is revealed when Defendant Fairchild's sanctions brief is juxtaposed with Neff Defendants' sanctions brief. (*Compare* Docket No. 135 at ECF pp. 18–20 *with* Docket No. 143 at ECF pp. 28–30). The bulk of Defendant Fairchild's analysis appears to have been taken from Neff Defendants' brief, which was submitted eleven days before[2] Defendant Fairchild submitted her brief. This pattern, however, does not begin and end with the Rule 37(b)[3] analysis. Indeed, Defendant Fairchild's analyses as to Rule 26(g) and Section 1927 are nearly identical to Neff Defendants' analyses of those rules. (*Compare* Docket No. 135 at ECF pp. 20–27 *with* Docket No. 143 at ECF p. 30–35). Considering

---

[2] Neff Defendants' brief was filed on August 19, 2024, and Defendant Fairchild's brief was filed on August 30, 2024.
[3] The Court's Order found that Danks had violated only Rule 37(b).

that a large portion of Defendant Fairchild's analysis was taken from Neff Defendants' brief, the Court is doubtful A. Schmitt could reasonably bill 39.3 hours for drafting the sanctions motion.

      Context is critical here—Defendant Fairchild's sanctions motion was only *partially* successful. *See Annie Oakley Enters., Inc.*, 2022 WL 456660, at *8 (S.D. Ind. Feb. 15, 2022) (granting attorney's fees for sanctions motion but reducing by twenty percent because the defendant did not receive the full extent of relief sought). To award Defendant Fairchild attorney's fees for drafting a motion that was not only more unsuccessful than successful but was in part the re-packaged original work of her co-Defendants would be unjust. Practically speaking, it would result in Danks paying for the same services twice over, which does not align with the Court's grant of limited relief in this case. (*See* Docket No. 162 at ECF pp. 23–24). For the foregoing reasons, the Court will reduce the fees related to Defendant Fairchild's Motion for Sanctions (Docket No. 143) by forty percent (40%) and award Defendant Fairchild $6,357.00 for A. Schmitt's legal research and drafting for the sanctions brief. *See Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999) ("District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of the attorneys' fees requested.").

      As to Defendant Fairchild's reply brief, the exhibit includes one relevant entry which states, "[f]inalize draft of letter to Scott Danks; Draft Reply in Response[.]" (Docket No. 163-1 at ECF p. 2). The Court's Order did not permit recovery for any other letters—only A. Schmitt's work on the reply brief is recoverable. However, the time entry does not specify how much time was spent on each service. Thus, the Court will split the hours billed in half, and award Defendant Fairchild $666.25 in attorney's fees for the reply brief.

5

In total, Danks is personally liable for $2,015.00 for A. Schmitt's drafting of four letters, $975.00 for A. Schmitt's preparation and attendance at the meet and confer meetings, $6,357.00 for the drafting and legal research involved in the sanctions motion and $666.25 for the reply brief, **for a total of $10,013.25 in attorney's fees**.

## II.    Neff Defendants

Despite the Court's Order granting similar, limited relief to Neff Defendants, their initial request, (Docket No. 164), demands more than three times the fees that Defendant Fairchild requested. (Docket No. 164-1 at ECF p. 9). Following the Court's directive to submit evidence of whether these fees had been paid, Neff Defendants submitted an amended exhibit which included fee discounts not previously applied. These discounts decreased the initial requested fees by $8,257.67. (Docket No. 167-1 at ECF p. 10). To be clear, counsel should have been transparent about the fees they *actually* intended to pass onto Neff Defendants at the outset. That counsel identified over eight-thousand dollars in discounts, only after being directed by the Court to file an amended exhibit, demonstrates a lack of candor to the Court. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (citation omitted) (emphasis in original).

In his response, Danks offers a multitude of reasons why Neff Defendants' requested fees are unreasonable, including that an unreasonable amount of time was expended, legal tasks were overstaffed, counsel failed to exercise billing judgment, and counsel failed to maintain billing time records in a manner that enables the Court to identify distinct services, to name a few. Pursuant to the Court's Order, Danks is required to pay the attorney's fees incurred in the drafting of the May 15, May 16, May 24, and July 9 letters; drafting the motion requesting a discovery conference; R. Schmitt's attendance at the meet and confer meeting; and the legal research and

drafting performed in filing the sanctions motion and reply brief. (Docket No. 162 at ECF pp. 23–24).

Neff Defendants' amended exhibit reveals that Neff Defendants have paid $11,000 in attorney's fees to date. (*See* Docket No. 167-1 at ECF p. 10). It remains unclear whether any of the fees specifically listed in the amended exhibit have been paid. But even if the full $11,000 in fees paid went towards the services listed in the amended exhibit, which it likely did not, less than twenty percent (20%) of Neff Defendants' recoverable attorney's fees would be paid to date. This is not strong evidence that the attorney's fees claimed are reasonable. *Cintas Corp*, 517 F.3d at 469.

There are other indications that the fees claimed, and hours billed, are unreasonable. For reference, the Court's Order, (Docket No. 162.), entitled Defendant Fairchild and Neff Defendants to fees for substantially similar services. But while Defendant Fairchild's counsel billed a total 56.1 hours, counsel for Neff Defendants billed a whopping 191 hours. (*Compare* Docket No. 163-1 *with* Docket No. 167-1). While the Court does not anticipate that Defendant Fairchild and Neff Defendants' recoverable attorney's fees would be identical, that Neff Defendants claimed over three times the amount in fees requested by Defendant Fairchild is puzzling.

Most problematic to Neff Defendants' request is counsel's inclusion of services that are clearly outside the scope of the Court's Order. Take the first page of Neff Defendants' exhibit— while some of the time billed was spent on services within the scope of the Court's Order, (*see* Docket No. 167-1) ("Revise LR 37-1 letter to Scott Danks . . . Prepare additional letter to Scott Danks regarding LR 37-1 on additional Interrogatories and Requests for Production"), others clearly are not. (*See Id*.) ("Begin drafting Objection to Plaintiffs' untimely submission of

Complaint . . . Review memorandum in support of Motion to Dismiss . . . Revise Order Granting Motion to Deem Matters Admitted"). When recoverable services are lumped together with non-recoverable services, it becomes impossible for the Court to distinguish between the two. Sifting through fees with a fine-tooth comb and distinguishing recoverable services from non-recoverable services is counsel's responsibility, not the Court's. *Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

Based on the foregoing issues—counsel's lack of transparency with the Court, a marginal percentage of attorney's fees having been paid to date, the hours billed being unreasonable, and counsel's failure to delineate between time billed for recoverable versus unrecoverable services—the Neff Defendants' requested fees will be deducted by sixty-five percent (65%). Neff Defendants are entitled **to a total of $19,430.63 in attorney's fees.**

This Court previously spelled out the plethora of missteps Danks took throughout the pendency of this lawsuit. Upon reviewing Defendant Fairchild and Neff Defendants' recent filings, it has become clear that Defendants' counsel made missteps of their own. A. Schmitt is cautioned that future attempts to repackage the substantive work of his co-Defendant's counsel will not be met with leniency. R. Schmitt is cautioned that transparency with the Court is critical. Any attempt to recover in attorney's fees what would not be passed onto a client may be interpreted as lacking candor toward the Court. R. Schmitt is also reminded that, according to the United States Supreme Court, he is obligated to make a good faith effort to exclude from a fee request hours that are outside the scope of the relief granted by the Court. *Hensley*, 461 U.S. at 434.

Payment shall be made within 180 days of the date of this Order.

**IT IS SO ORDERED**.

Dated:  May 5, 2025

_____

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.