UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JEREMY MICHAEL TUDELA, ABBEY TUDELA AND JEREMY MICHAEL TUDELA ON BEHALF OF HIS THREE MINOR CHILDREN, M.T., L.T., AND C.T.<br>　　　　　Plaintiffs,<br><br>v.<br><br>STATE OF INDIANA, VANDERBURGH COUNTY PROSECUTOR'S OFFICE, VANDERBURGH COUNTY, FORMER PROSECUTOR NICHOLAS HERMANN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, THE CITY OF EVANSVILLE, DETECTIVE ROB WALLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, INDIANA DEPARTMENT OF CHILD SERVICES, WHITNEY SAINT TUDELA, MICHELLE NEFF, WARD NEFF, JESSICA FAIRCHILD, AND JASON KING, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS A THERAPIST OF PLAYFUL HEALING AND COUNSELING<br>　　　　　Defendants. | Case No. 3:23-cv-00233-MPB-CSW |

## MOTION TO RECONSIDER

　　　Comes now Defendant, Jessica Fairchild ("Fairchild Defendant"), by and through counsel, Alex R. Schmitt, of the law firm Schmitt Law Office, LLC, and pursuant to Fed. Rule Civ. Pro. 59(e), files her Motion to Reconsider the Court's Order issued on May 5, 2025, and in support shows the Court as follows:

　　　1.　　On August 3, 2024, Fairchild Defendant filed her Motion for Sanctions [Dkt. 143], requesting Federal Rules 11, 26, and 37, and U.S.C. § 1927 sanctions against Plaintiffs, Jeremy Tudela, Abbey Tudela, and Plaintiffs' counsel, Scott Danks.

2. On October 7, 2024, Fairchild Defendant filed her Reply in Support of Motion for Sanctions [Dkt. 160].

3. On March 12, 2025, this Court granted Fairchild Defendant's Motion for Sanctions in part for the "drafting of the May 17, June 5, July 11, July 31, and August 9 letters; A. Schmitt's attendance and preparation for the two (2) meet and confer meetings with Danks; and the legal research and drafting performed in filing this sanctions motion (Docket No. 143) and reply brief (Docket No. 161)," and denied said Motion in part [Dkt. 162]. As part of this Court's Order, the Court ordered Fairchild Defendant's counsel to "submit an itemized statement of attorney fees for the *aforementioned services* by March 13, 2025," (emp. added).

4. The Court's Order did not instruct Fairchild Defendant's counsel to set forth the amount of attorney fees Fairchild Defendant had paid to counsel in this litigation nor an amount of fees Fairchild Defendant had paid to counsel for the "aforementioned services," *only* an itemized statement of fees incurred for specific tasks and dates.

5. On March 12, 2025, Fairchild Defendant submitted her Notice of Itemized Statement of Fees. Consistent with this Court's Order, Fairchild Defendant's Itemized Statement set forth every entry for the "aforementioned services," hourly rate and a total amount in fees billed to Fairchild Defendant. [Dkt. 163]. The total amount of fees for the specified tasks and dates billed to Fairchild Defendant totaled Eighteen Thousand Two Hundred Thirty-Two Dollars and Fifty Cents ($18,232.50). [Dkt. 163-1].

6. In the Court's Order on Sanctions [Dkt. 160], this Court ordered Plaintiffs to file a response to Fairchild Defendant's Itemized Statement no later than April 7, 2025. No reply to Plaintiffs' response was afforded to Fairchild Defendant in the Court Order.

2

7. On April 7, 2025, Plaintiffs filed their Response, setting forth, among other things, that Fairchild Defendant's Itemized Statement did not provide proof of payment and that payment of fees was a cornerstone of an award of fees as a result of sanctions. [Dkt. 165]. However, as noted above, the Court's Order did not request proof of payment of fees having been paid, only an itemized statement of specific tasks performed. In Plaintiff's Response, without possessing any additional facts to support it, Plaintiff makes the bold yet inaccurate assertion that Fairchild Defendant's Itemized Statement of Fees "explicitly states that no portion of the attorney fees have been paid by Fairchild Defendant going back to May 17, 2024[1]."

8. Plaintiff made the same assertion regarding Neff Defendants, and this Court ordered Neff Defendants to produce an amended exhibit showing what fees have been paid, if any. [Dkt. 166]. No such proof of payment was requested of Fairchild Defendant. However, if this Court had requested Fairchild Defendant's proof of payment, Fairchild Defendant would have produced for this Court an amended exhibit showing that from Fairchild Defendant's initial retention of counsel, December 12, 2023, to April 7, 2025, the date Plaintiff's assertion that no attorney fees have been paid, Fairchild Defendant has paid a total of **Fourteen Thousand Five Hundred Ninety-Seven Dollars ($14,597.00)** in attorney fees defending against Plaintiff's frivolous suit and sanctioned offenses[2].

9. Plaintiff's assertion that Fairchild Defendant has paid "no portion of the attorney fees" is wholly inaccurate and lacks candor toward the Court; there is obviously a difference between an "itemized statement" of billable time for specific tasks recorded and invoices showing

---

[1] May 17, 2024, is simply the date of the first entry of time billed for the "aforementioned services," not the date upon which Fairchild Defendant began incurring attorney fees defending against Plaintiff's frivolous suit and sanctioned offenses.
[2] $14,597.00 in attorney fees being paid by a restaurant waitress and likely the most paid by any defendant in this Cause.

3

amounts paid by a client and outstanding balances owed. Fairchild Defendant provided exactly what the Court requested, "an itemized statement of attorney fees for the aforementioned services by March 13, 2025." The Court did not inquire into what amounts Fairchild Defendant had paid in attorney fees but rather took Plaintiff's unsupported assertion as fact and reduced fees in accordance.

10. An affidavit of attorney fees paid, attached hereto as "Exhibit A," is produced to this Court for its review, proving that Fairchild Defendant has in fact paid not just some, but a considerable amount of fees for which she incurred in defending against Plaintiff's frivolous suit and sanctioned offenses.

WHEREFORE, Defendant, Jessica Fairchild, respectfully requests that this Court amend its May 5, 2025, Order on Sanctions to reflect that Fairchild Defendant has in fact paid attorney fees for which she incurred in defending against Plaintiff's suit and, accordingly, increase the award of fees ordered by this Court to be paid by Plaintiff's counsel.

Respectfully submitted,

**SCHMITT LAW OFFICE, LLC**

*/s/ Alex R. Schmitt*
Alex R. Schmitt, IN #31096-49
SCHMITT LAW OFFICE, LLC
220 NW Third Street, Suite 201
Evansville, Indiana 47708
O: (812) 678-0100
E: alex@schmittlawoffice.com
*Attorney for Defendant, Jessica Fairchild*

**CERTIFICATE OF SERVICE**

I certify that on June 2, 2025, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                    */s/ Alex R. Schmitt*
                    Alex R. Schmitt, IN #31096-49