UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JEREMY MICHAEL TUDELA, ) <br> ABBEY TUDELA, ) <br> JEREMY MICHAEL TUDELA on behalf of his ) <br> three minor children, M.T., L.T. and C.T., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WHITNEY SAINT TUDELA, ) <br> MICHELLE NEFF, ) <br> WARD NEFF, ) <br> JESSICA FAIRCHILD, ) <br> ) <br> Defendants. ) | No. 3:23-cv-00233-MPB-CSW |

## ORDER ON PLAINTIFF FAIRCHILD'S MOTION FOR RECONSIDERATION

On May 5, 2025, this Court issued an Order, (Docket No. 168), awarding Defendants Jessica Fairchild and Whitney Saint Tudela, Michelle Neff, and Ward Neff (collectively, "Neff Defendants") limited attorney's fees pursuant to its previous Order, (Docket No. 162). In limiting Fairchild's recovery of attorney's fees, the Court highlighted that "[t]he invoice submitted by A. Schmitt reveals that Defendant Fairchild has paid *none* of the $18,232.50 in attorney's fees." (Docket No. 168 at ECF p. 4) (emphasis in original). Thereafter, Fairchild filed a Motion to Reconsider the Court's award of attorney's fees, (Docket No. 169). In her Motion, Fairchild contends that she has paid more than $14,000 in attorney's fees and requests that the Court increase its award. Fairchild also submitted the affidavit of her counsel, Alex Schmitt ("A. Schmitt"). (Docket No. 169-1).

In its Order on Defendants' Motions for Sanctions, (Docket No. 162), the Court held that Plaintiffs' counsel, Scott Danks, violated Federal Rule of Civil Procedure 37(b)(2)(A). Rule

37(b)(2)(C) instructs that a violation of the Rule must result in an order directing the "disobedient party, the attorney advising that party, or both to pay the *reasonable* expenses, including attorney's fees, caused by the failure[.]" (emphasis added). Instead of outlining the reasonable attorney's fees "caused by [Danks'] failure" to comply with the Court's Order—*as Rule 37 requires*—Fairchild broadly requested "reasonable expenses and costs, including attorney's fees, incurred because of Plaintiffs' failure to comply with [the Court's Order]." (Docket No. 143 at ECF p. 30). Fairchild never identified what the "reasonable expense and costs" were, thereby shifting that responsibility to the Court. To avoid further drawing out the litigation, the Court identified the expenses caused by Danks' failure to comply with Rule 37 and instructed Defendants to "submit itemized statement of attorney's fees for the [identified recoverable] services." (Docket No. 162 at ECF p. 24). Fairchild contends that the Court's Order, (Docket No. 162), did not instruct her to identify "the amount of attorney fees Fairchild [] had paid to counsel in this litigation []or an amount of fees Fairchild [] had paid to counsel for the '[recoverable] services,'" but rather, only directed Fairchild to submit "an itemized statement of fees incurred for specific tasks and dates." (Docket No. 169 at ECF p. 2). Context proves that Fairchild's attempt to project blame onto the Court is futile.

      Even minimal legal research reveals that "the best evidence of whether attorney's fees are reasonable is *whether a party has paid them*." Cintas Corp. v. Perry, 517 F.3d 459, 469 (7th Cir. 2008) (emphases added). It is not the Court's responsibility to inform counsel of the relevant legal standard, it is counsel's responsibility to identify the relevant legal standard. So too is it counsel's responsibility to apply that standard—not the Court's responsibility to direct counsel to do so. Here, counsel had two opportunities to submit evidence of the amount in fees Fairchild had paid A. Schmitt: first, in support of her Motion for Sanctions, (Docket No. 143). Secondly,

Fairchild had the opportunity to submit such evidence in her Notice of Attorney's Fees, (Docket No. 163), *which she did*.

Fairchild highlights that the Court instructed Neff Defendants to produce an amended exhibit of what attorney's fees had been paid but did not instruct Fairchild to do the same. But the reasoning behind the Court's instructions is clear: Neff Defendants submitted an exhibit with no reference to what fees had been paid, whereas Fairchild indicated that "$0.00" in attorney's fees had been paid. (*Compare* Docket No. 164-1 at ECF p. 9 *with* Docket No. 163-1 at ECF p. 2). The Court did not, as Fairchild suggest, accept as fact Plaintiffs' assertion that none of Fairchild's attorney's fees had been paid. Rather, the Court relied on evidence submitted *by Fairchild herself*. Fairchild now faults the Court for taking her representations at face value. But fault lies with Fairchild and her counsel, not the Court. After all, the party requesting the fee award bears the burden of proving the reasonableness of the fee, and the best evidence of "reasonableness" would be whether Fairchild had paid for any of the recoverable services. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted). The evidence submitted indicates she has not. (*See* Docket No. 163-1 at ECF p. 2).

Additionally, Fairchild submits A. Schmitt's affidavit[1] in support of her request for reconsideration. (Docket No. 169-1). Schmitt attests that Fairchild has paid "a total of Fourteen Thousand Five Hundred Ninety-Seven Dollars ($14,597.00) in attorney's fees." (Docket No. 169-1 at ECF p. 1). But this evidence does not necessarily aid Fairchild. What is important is whether Fairchild has paid any of the *recoverable services* outlined in the Court's Order, (Docket No. 162 at ECF pp. 23–24), not whether she has paid any attorney's fees in general. On this point, the affidavit is unclear. Even considering A. Schmitt's affidavit, the Court has no evidence before it

---

[1] In support of a request for attorney's fees, documentary evidence, rather than an affidavit, is most helpful.

3

that Fairchild has paid any of the *recoverable services* outlined in the Court's Order granting limited attorney's fees, (Docket No. 162). Thus, Fairchild's Motion for Reconsideration, (Docket No. 169), is **DENIED**.

    **IT IS SO ORDERED**.

Dated: June 6, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel.